IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LAWRENCE V. PINKERTON,

                Plaintiff,                          OPINION and ORDER

      v.                                          12-cv-481-bbc

DEPUTY B. CRAIG and DANE COUNTY
MEDICAL STAFF,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

        Plaintiff Lawrence V. Pinkerton has submitted a proposed civil complaint alleging that staff at the Dane County jail canceled an off-site medical appointment. Plaintiff is proceeding in forma pauperis and has made the initial partial payment previously assessed by this court. The next step in the case is to screen the complaint under 28 U.S.C. § 1915 to determine whether any portion is legally frivolous, malicious, fails to state a claim upon which relief may be granted or asks for money damages from a defendant who by law cannot be sued for money damages. Plaintiff is a pro se litigant, which means his complaint will be construed liberally as it is reviewed for these potential defects. Haines v. Kerner, 404 U.S. 519, 521 (1972). After examining plaintiff's complaint, I conclude that it must be dismissed for failure to satisfy the pleading standards of Federal Rule of Civil Procedure 8, but I will give plaintiff an opportunity to provide an amended complaint further detailing his claims.

        In his complaint, plaintiff alleges the following facts.

1

ALLEGATIONS OF FACT

In late May, 2012, plaintiff Lawrence Pinkerton was incarcerated at the Dane County jail. Medical staff at the jail had scheduled an off-site medical appointment for plaintiff concerning his knee. (Plaintiff does not explain what was wrong with his knee or give any details about what type of treatment was going to be provided at the off-site appointment.) On May 22, 2012, Dane County Sheriff's Deputy B. Craig canceled plaintiff's appointment after talking to defendant Dane County jail medical staff.

OPINION

I understand plaintiff to be attempting to bring Eighth Amendment deliberate indifference claims against defendants Craig and Dane County jail medical staff for canceling a previously scheduled off-site medical appointment. Under the Eighth Amendment, prison officials have a duty to provide medical care to those being punished by incarceration. Estelle v. Gamble, 429 U.S. 97, 103 (1976). To state an Eighth Amendment medical care claim, a prisoner must allege facts from which it can be inferred that he had a "serious medical need" and that prison officials were "deliberately indifferent" to this need. Id. at 104.

A "serious medical need" may be a condition that a doctor has recognized as needing treatment or one for which the necessity of treatment would be obvious to a lay person. Johnson v. Snyder, 444 F.3d 579, 584-85 (7th Cir. 2006). A medical need may be serious if it is life-threatening, carries risks of permanent serious impairment if left untreated, results

in needless pain and suffering, Gutierrez v. Peters, 111 F.3d 1364, 1371-73 (7th Cir. 1997), "significantly affects an individual's daily activities," Chance v. Armstrong, 143 F.3d 698, 702 (2d Cir. 1998), or otherwise subjects the prisoner to a substantial risk of serious harm, Farmer v. Brennan, 511 U.S. 825, 847 (1994).

"Deliberate indifference" means that defendant was aware that the prisoner needed medical treatment but disregarded the risk by failing to take reasonable measures. Forbes v. Edgar, 112 F.3d 262, 266 (7th Cir. 1997). A delay in treatment may constitute deliberate indifference if the delay exacerbated the injury or unnecessarily prolonged an inmate's pain. Estelle, 429 U.S. at 104-05; Gayton v. McCoy, 593 F.3d 610, 619 (7th Cir. 2010); Edwards v. Snyder, 478 F.3d 827, 832 (7th Cir. 2007). However, inadvertent error, negligence, gross negligence and ordinary malpractice are not cruel and unusual punishment within the meaning of the Eighth Amendment. Vance v. Peters, 97 F.3d 987, 992 (7th Cir. 1996); Snipes, 95 F.3d at 590-91.

Unfortunately for plaintiff, I cannot consider the merits of his complaint at this time because his pleading does not satisfy Rule 8 of the Federal Rules of Civil Procedure. Under Fed. R. Civ. P. 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." This means that "the complaint must describe the claim in sufficient detail to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." EEOC v. Concentra Health Services, Inc., 496 F.3d 773, 776 (7th Cir. 2007). Plaintiff fails to meet this standard. It is impossible to tell whether plaintiff has a "serious medical need" because he does not provide any account of what was

wrong with his knee or what type of treatment was scheduled and he does not explain what happened after the appointment was canceled and how the cancellation of the appointment affected the treatment of his knee. Finally, although he names Dane County jail medical staff as a defendant (or defendants) in the case, he fails to explain what role staff had in the alleged deprivation of his rights, that is, whether they agreed with Craig's decision or just discussed medical information (albeit perhaps confidential information) with him?

Although I am dismissing plaintiff's complaint, I will give him an opportunity to provide an amended complaint in which he explains the events at issue in greater detail. Plaintiff should draft his amended complaint as if he were telling a story to people who know nothing about his situation. Helpful information might include:

- the nature of plaintiff's injury and how it affected him
- the purpose of the scheduled off-site appointment
- other treatment plaintiff received at the jail, if any
- specifically, what each defendant did to violate his rights
- what happened after the appointment was canceled and how it affected plaintiff's knee problem

Once the court receives plaintiff's amended complaint, it will be screened under 28 U.S.C. § 1915. Failure to provide an amended complaint by the deadline provided below will result in dismissal of the case.

ORDER

IT IS ORDERED that

1. Plaintiff Lawrence Pinkerton's complaint is DISMISSED for failure to plead sufficient facts to give defendants notice of his claims under Fed. R. Civ. P. 8.

2. Plaintiff may have until December 3, 2012, to file an amended complaint explaining his allegations in more detail. If plaintiff fails to file an amended complaint before December 3, his complaint will be dismissed for failure to prosecute.

Entered this 5th day of November, 2012.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge